IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARIE M. PARK,                          )
                                        )
              Plaintiff,                )
                                        )
vs.                                     )        Case No. 06-0828-CV-W-ODS
                                        )
COLUMBIA CREDIT SERVICES,               )
INC., et al.,                           )
                                        )
              Defendants.               )

ORDER AND OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS

        Pending are separate motions to dismiss filed by each Defendant.  For the
following reasons, all three motions (Doc. Nos. 14, 18, and 33) are granted.


I.  BACKGROUND

        According to the Complaint, Plaintiff had a credit card issued by MBNA Quantum,
the last four digits of which were 1065.  At some point in time, MBNA was acquired by
Bank of America and changed its name to FIA Card Services ("FIA").  In September
2001, Plaintiff refinanced her home and some of the proceeds ($12,059.00) were issued
directly to the credit card company.  Plaintiff "has no record or recollection of incurring
any other liabilities to FIA since then . . . ."  Complaint, ¶ 10.  However, since that time,
Plaintiff has received collection letters from FIA for a credit card with the last four digits
of 1338, which appears to be the new account number issued after MBNA was
purchased by Bank of America.  "Plaintiff infers . . . that FIA failed to credit Plaintiff's
payment of $12,059.00 on 13 September 2001, or failed to advise its bill collectors that
the account had been paid, or both."  Complaint, ¶ 11.

        In the Fall of 2004, Plaintiff received a letter from Defendant Columbia Credit
Services, Inc. ("Columbia"), asserting a balance due on the 1065 card.  Eventually,
Columbia initiated arbitration proceedings; Columbia was represented in these
proceedings by the law firm of Martin, Leigh, Laws & Frtizlen, P.C. ("MLLF").  Defendant

Leland Shurin was the arbitrator, and he issued an award to Columbia in the amount of $12,793.24. Columbia initiated proceedings in Missouri state court to confirm the award. Plaintiff complains that no party has demonstrated she signed an agreement to arbitrate, and no such document has been produced in the confirmation proceedings in state court. She thus alleges Shurin "signed a false award in an arbitration never lawfully instituted, the enforcement of which is now unlawfully sought" and that "Columbia and Shurin and others have used the same arbitration trick against many other alleged debtors, the number and identity of whom are not yet known." Complaint, ¶¶ 13-14. All of Plaintiff's claims are premised on the Fair Debt Collection Practices Act ("FDCPA").

## II. DISCUSSION

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

### A. Leland Shurin

Shurin contends the claims against him should be dismissed based on arbitral immunity. E.g., Olson v. National Ass'n of Securities, 85 F.3d 381, 382-83 (8th Cir. 1996). Plaintiff does not deny the existence of arbitral immunity, but contends Shurin is not entitled to immunity because she did not agree to arbitrate claims so Shurin never had jurisdiction to act as an arbitrator. Plaintiff's reasoning would eviscerate arbitral immunity and its underlying rationale, and for that reason is rejected.

Arbitral immunity exists because arbitrators are "functionally equivalent" to judges. Like judicial and quasi-judicial immunity, arbitral immunity is necessary to protect decisionmakers from undue influence, and the decision-making process from

2

attack by dissatisfied litigants.  Olson, 85 F.3d at 382.  Judges do not lose their judicial immunity just because they lack jurisdiction in a case, so arbitral immunity should not disappear in like circumstances.  If it could, a disgruntled party could avoid the immunity simply by alleging a jurisdictional defect, and the underlying objective of protecting arbitrators from suit would be thwarted.

Plaintiff seeks to avoid the force of this reasoning – and the underlying rationale for arbitral immunity – by insisting the Court consider only the facts asserted in the Complaint, all of which purportedly deny the existence of an arbitration.  To the contrary, the Complaint clearly alleges Shurin acted as an arbitrator with respect to the matters in this case.  Whether he had jurisdiction or not is another matter that should be raised in the confirmation proceedings.  Shurin cannot be held personally liable for his actions as an arbitrator.

### B.  MLLF & Columbia

MLLF and Columbia contend the case should be dismissed or stayed in light of the confirmation proceedings pending in state court.  Plaintiff contends the proceedings in state court are a nullity because the arbitration award is fraudulent, so this Court should ignore the existence of the state court proceedings.  The flaw in Plaintiff's argument is that it requires this Court to decide the same issue pending before the state court in order to decide the state court should be ignored.  It also requires this Court to reject any conclusions reached by the state court to the extent they are contrary to Plaintiff's position – or, in other words, to re-decide or review the state court's decisions, particularly its decision to deny Plaintiff's motion to dismiss.  The Court cannot do what Plaintiff asks.

A federal court should abstain when a case before it bears such a relationship to a pending state-court action that piecemeal litigation will result.  Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 926-27 (8th Cir. 2006).  The Court should consider a non-exclusive list of factors in determining whether such abstention is appropriate, including (as relevant to this case) (1) the degree to which piecemeal litigation will be

3

created, (2) the degree of progress made in the two cases, (3) whether state or federal law controls, and (4) the ability of the state court to protect the federal plaintiff's rights. Id. at 926. Applying these factors strongly favors allowing the state court to proceed.

As currently presented, the federal case depends on the validity of the arbitration proceeding – the same issue that is before the state court. Plaintiff did not have the right to eschew the state court proceeding in order to present the issue to a different forum. The state case was not only filed first, but has had much more progress than this case. The cause of action asserted in this court is premised on federal law, but this is not dispositive. The common issues in the two proceedings revolve around the validity of an agreement to arbitrate, which is a contractual matter dependent upon state law. Finally, Missouri courts are able to protect Plaintiff's rights with respect to the contractual matter specifically and the confirmation proceedings as a whole. In short, Plaintiff is attempting to split the proceedings and effectively transport some or all of the issues from the state court to this one. Considerations of "wise judicial administration . . . conservation of judicial resources and comprehensive disposition of litigation" counsel in favor of dismissing this case in favor of the pending state action. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

Plaintiff also insists the Court must accept as true all of her allegations, including her allegation that the state court lacks jurisdiction – even though the state court has declined to dismiss the case. Plaintiff invites this Court to reconsider the state court's decisions regarding both its jurisdiction and certain matters in the case before it. A federal district court cannot review the correctness of a state court decision; Plaintiff's recourse is to litigate the matter through the state appellate courts. Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284-85 (2005). To the extent Plaintiff wishes to simply relitigate the issue, principles of issue and claim preclusion bar her attempt.

Plaintiff's claims against Columbia and its law firm are dismissed without prejudice to Plaintiff's attempt to raise issues in the pending state court proceeding.

4

## C. FIA

Defendant FIA contends it is not a debt collector, and hence cannot be a liable under the FDCPA. The Court agrees. The FDCPA allows a private right of action against "debt collectors." 15 U.S.C. § 1692k. Congress has defined a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due by another." Id. § 1692a(6). Later, the statute excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was originated by such person [or] was not in default at the time it was obtained by such person." Id. § 1692a(6)(F)(ii) & (iii). All courts to examine the issue have concluded creditors are not "debt collectors" so long as they are attempting to collect debts owed to them. E.g., Catencamp v. Cendant Timeshare Resort Group-Consumer Finance, Inc., 471 F.3d 780, 781 (7th Cir. 2006); Montgomery v. Huntington Bank, 346 F.3d 693, 698-99 (6th Cir. 2003); Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 22-23 & n.4 (1st Cir. 2002); Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000); Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998); Buckman v. American Bankers Ins. Co. of Fla., 115 F.3d 892, 894-95 (11th Cir. 1997); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); see also James v. Ford Motor Credit Co., 47 F.3d 961, 962 (8th Cir. 1995) ("Creditors . . . are not generally subject to the FDCPA."). A creditor is included in the definition only if he "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Beyond this exception, creditors are not considered debt collectors.

Plaintiff suggests FIA may have acquired the accounts when they were in default, making it a debt collector. This contention is belied by Plaintiff's Complaint, wherein it is alleged FIA is simply the new name for the original issuer of the credit card(s) in question. Complaint, ¶¶ 5, 10-11. Moreover, the Complaint does not allege FIA acquired the accounts when they were in default; simply asserting, in a conclusory

5

manner, that FIA is a "debt collector" is insufficient in light of the Complaint's other allegations establishing FIA owned the debt.

## III.  CONCLUSION

Defendant Leland Shurin is dismissed with prejudice based on arbitral immunity. Defendant FIA Card Services is dismissed for failure to state a claim, but without prejudice to Plaintiff's ability to assert arguments opposing confirmation of the arbitration award.  Defendants Martin, Leigh, Laws & Frtizlen, P.C. and Columbia Credit Services, Inc. are also dismissed without prejudice to Plaintiff's right to present its arguments in the confirmation proceedings pending in state court.

IT IS SO ORDERED.


                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, JUDGE
DATE: June 25, 2007                     UNITED STATES DISTRICT COURT

6